UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **21-60344-CR-RUIZ/STRAUSS**

18 U.S.C. § 371
18 U.S.C. § 982(a)(7)

UNITED STATES OF AMERICA

vs.

NOAH D. SILVERMAN and
ALEXANDER M. SILVERMAN,

      **Defendants.**
_____/

# INFORMATION

The United States Attorney charges that:

## GENERAL ALLEGATIONS

At all times material to this Information:

### TRICARE PROGRAM

1. TRICARE was a health care insurance program of the United States Department of Defense. TRICARE provided civilian health benefits for military personnel, military retirees, and military dependents all around the world. The TRICARE program provided medical coverage for Uniformed Service members including those who were active duty and reservists that were a part of the following: U.S. Army, U.S. Air Force, U.S. Navy, U.S. Marine Corps, U.S. Coast Guard, Commissioned Corps of the U.S. Public Health Service, and Commissioned Corps of the National Oceanic and Atmospheric Association, National Guard/Reserve, Army National Guard, Army Reserve, Navy Reserve, Marine Corps Reserve, Air National Guard, Air Force Reserve, and U.S. Coast Guard Reserve and their families. This program also covered survivors, former spouses,

Medal of Honor recipients and their families, and others registered in the Defense Enrollment Eligibility Reporting System (DEERS).

2. There were two types of Beneficiaries under the TRICARE program: (a) Sponsors - active duty, retired and Guard/Reserve members, and (b) Family Members - spouses and children who were registered in DEERS.

3. In order to pay a claim, TRICARE required that the item or service being billed must be medically necessary, properly prescribed by a licensed physician and actually provided to a TRICARE beneficiary.

4. TRICARE was a Federal Health Care Program as defined by Title 42, United States Code, Section 1320a-7b(f), and as such it was illegal for an individual to pay kickbacks to a person or receive kickbacks from a person for the referral of an individual for the furnishing of some health care item, benefit or service paid for by TRICARE.

5. TRICARE contracted with Express Scripts, Incorporated (ESI) to administer the TRICARE program, specifically for the processing and payment of claims.

### The Defendants and Related Entities

6. USA Healthcare Inc. (hereinafter "USA Healthcare") was a Florida corporation located at 3350 N.W. Boca Raton Boulevard, Suite #A6, Boca Raton, Florida. USA Healthcare was incorporated in or around February 2014.

7. RX Health Pros, Inc. (hereinafter "RX Health Pros") was a successor entity to USA Healthcare and was located at 40 S.E. 5th Street, Suite #405, Boca Raton, Florida. RX Health Pros was incorporated in or around April 2015.

8. Complete Healthcare Concierge Inc. (hereinafter "CHC") was a Florida corporation located at 1901 S. Congress Avenue, Suite 150, Boynton Beach, Florida. CHC was incorporated in or around June 2013.

9. A M S Financial, Inc. (hereinafter "A M S Financial") was a Florida corporation located at 4400 N. Federal Highway, Suite 24, Boca Raton, Florida. A M S Financial was incorporated in or around January 2014. A M S Financial was a for profit corporation owned by **ALEXANDER M. SILVERMAN**.

10. N Silverman, Inc. was a Florida corporation located at 2424 N. Federal Highway, # 418, Boca Raton, Florida. N Silverman Inc. was incorporated in or around May 2011. N Silverman Inc. was a for profit corporation owned by **NOAH D. SILVERMAN**.

11. Defendants **NOAH D. SILVERMAN** and **ALEXANDER M. SILVERMAN** (collectively "the Silvermans") residents of Boca Raton, Florida, had a financial interest in USA Healthcare and RX Health Pros.

## CONSPIRACY TO PAY HEALTH CARE KICKBACKS
## (18 U.S.C. § 371)

From in or around February of 2014, through in or around October of 2015, in Broward and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendants,

**NOAH D. SILVERMAN and**
**ALEXANDER M. SILVERMAN,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other and others known and unknown to the United States Attorney, to commit an offense against the United States, that is, to violate Title 42, United States Code, Section1320a-7b(b)(1)(A) by knowingly and willfully soliciting and receiving renumeration, specifically, kickbacks and bribes, directly and indirectly, overtly and covertly, in

cash and in kind, in return for referring individuals for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part by a Federal healthcare program, that is, TRICARE.

## PURPOSE OF THE CONSPIRACY

12. It was a purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by, among other things: (a) paying kickbacks to telemedicine providers who generated prescriptions for compounded medications; (b) receiving kickbacks in return for providing prescriptions for compounded medications for TRICARE beneficiaries to various pharmacies; and (c) submitting and causing the submission of claims to TRICARE.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among other things:

13. **NOAH D. SILVERMAN** and **ALEXANDER M. SILVERMAN** offered and paid kickbacks to CHC in return for prescriptions for compounded medication.

14. **NOAH D. SILVERMAN** and **ALEXANDER M. SILVERMAN** solicited and received kickbacks from various pharmacies in return for sending them prescriptions for TRICARE beneficiaries that they had received through CHC.

15. **NOAH D. SILVERMAN** and **ALEXANDER M. SILVERMAN** caused the various pharmacies to submit claims to TRICARE for health care benefits, primarily compounded prescription medications, generated by purportedly valid prescriptions from CHC, that were provided to TRICARE beneficiaries.

16. As a result of these claims, TRICARE made payments to the various pharmacies, which then provided a share of the monies from the adjudicated prescriptions to **NOAH D.**

4

**SILVERMAN** and **ALEXANDER M. SILVERMAN**. The Silvermans then provided 10% of the adjudicated prescriptions to co-conspirators at CHC.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its object and purpose, at least one co-conspirator committed and caused to be committed, in the Southern District of Florida, at least one of the following overt acts, among others:

1. On or about August 12, 2014, a co-conspirator wired $26,825 into the USA Healthcare bank account at Wells Fargo.

2. On or about August 13, 2014, a co-conspirator wrote a check for $10,000, made out to "N Silverman Inc" as payment to **NOAH D. SILVERMAN**.

3. On or about August 13, 2014, a co-conspirator wrote a check for $10,000 made out to "AMS Financial" as payment to **ALEXANDER M. SILVERMAN**.

4. On or about August 19, 2014, a co-conspirator wired $25,305 into the USA Healthcare bank account at Wells Fargo.

5. On or about August 20, 2014, a co-conspirator wrote a check for $8,000, made out to "N Silverman Inc" as payment to **NOAH D. SILVERMAN**.

6. On or about August 20, 2014, a co-conspirator wrote a check for $8,000 made out to "AMS Financial" as payment to **ALEXANDER M. SILVERMAN**.

7. On or about December 22, 2014, a co-conspirator wired $21,100 into the USA Healthcare bank account at Wells Fargo.

8. On or about January 8, 2015, a co-conspirator wired $60,000 into the USA Healthcare bank account at Wells Fargo.

9. On or about March 19, 2015, a co-conspirator wired $66,150 into the USA

Healthcare bank account at Wells Fargo.

10. On or about April 16, 2015, a co-conspirator wired $165,865 into the USA Healthcare bank account at Wells Fargo.

11. On or about April 23, 2015, a co-conspirator wired $170,005 into the USA Healthcare bank account at Wells Fargo.

12. On or about May 1, 2015, a co-conspirator wired $153,324 into the USA Healthcare bank account at Wells Fargo.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATIONS
## (18 U.S.C. § 982(a)(7))

1. The allegations of this Information are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which defendants **NOAH D. SILVERMAN** and **ALEXANDER M. SILVERMAN** have an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 371 as alleged in this Information, the defendants shall forfeit to the United States, any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

3. The property subject to forfeiture includes, but is not limited to, the entry of a forfeiture money judgment which represents the proceeds obtained from the commission of the offense to which they are pleading guilty, pursuant to Title 18, United States Code, Section 982(a)(7).

4. If the property described above as being subject to forfeiture, as a result of any act or omission of the defendants, **NOAH D. SILVERMAN** and **ALEXANDER M. SILVERMAN**:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(7), and the procedures set forth in Title 21, United States Code, Section 853, made applicable by Title 18, United States Code, Section 982(b)(1).

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

CYNTHIA R. WOOD
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

NOAH D. SILVERMAN and
ALEXANDER M. SILVERMAN,

                  Defendants/

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY\***

**Superseding Case Information:**

**Court Division:** (Select One)
- [ ] Miami
- [ ] Key West
- [✓] FTL
- [ ] WPB
- [ ] FTP

New defendant(s)  [ ] Yes  [ ] No
Number of new defendants _____
Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) **No**

   List language and/or dialect _____

4. This case will take **0** days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days    [✓]
   - II    6 to 10 days    [ ]
   - III    11 to 20 days    [ ]
   - IV    21 to 60 days    [ ]
   - V    61 days and over    [ ]

   (Check only one)
   - Petty    [ ]
   - Minor    [ ]
   - Misdemeanor    [ ]
   - Felony    [✓]

6. Has this case previously been filed in this District Court? (Yes or No) **No**

   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) **No**

   If yes: Magistrate Case No. _____

   Related miscellaneous numbers: _____

   Defendant(s) in federal custody as of _____

   Defendant(s) in state custody as of _____

   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No) **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **Yes**

                                                                    *Cynthia R. Wood* (signature)

                                                                    CYNTHIA R. WOOD
                                                                    Assistant United States Attorney

\*Penalty Sheet(s) attached                                                                 REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name:  ALEXANDER M. SILVERMAN         Case No: _____

Count: 1

Conspiracy to Receive Kickbacks

18 U.S.C. § 371

* Max. Penalty:   Five (5) years' imprisonment; three (3) years' supervised release; $250,000 fine.

Count:

*Max. Penalty:

Count:

*Max. Penalty:

Count:

*Max. Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: NOAH D. SILVERMAN

**Case No**: _____

Count: 1

Conspiracy to Receive Kickbacks

18 U.S.C. § 371

**\* Max. Penalty:** Five (5) years' imprisonment; three (3) years' supervised release; $250,000 fine.

Count:

**\*Max. Penalty:**

Count:

**\*Max. Penalty:**

Count:

**\*Max. Penalty:**

Count:

**\*Max. Penalty:**

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| ALEXANDER M. SILVERMAN, | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: 12/6/21

*Defendant's signature*

*Signature of defendant's attorney*

Jeffrey H. Sloman
*Printed name of defendant's attorney*

*Judge's signature*

*Judge's printed name and title*

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. |
| NOAH D. SILVERMAN, ) | |
| ) | |
| Defendant ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: 12/6/2021

_Defendant's signature_

_Signature of defendant's attorney_

Jeffrey H. Sloman
_Printed name of defendant's attorney_

_Judge's signature_

_Judge's printed name and title_